SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
A Professional Corporation
  Blaise S. Curet, #124983
  bcuret@spcclaw.com
  Sharon Lewis, #145340
  SLewis@spcclaw.com
2000 Powell Street, Suite 830
Emeryville, California 94608
Tel: (415) 352-6200, Fax: (415) 352-6224

Attorneys for Plaintiff, The North River
Insurance Company

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| The North River Insurance Company, a New Jersey Corporation, | Case No. |
|    Plaintiff, | **COMPLAINT** |
|   vs. | |
| James River Insurance Company, an Ohio Corporation, | |
|    Defendant. | |

Plaintiff, The North River Insurance Company, complains against defendant, James River Insurance Company, and alleges as follows:

### THE PARTIES

1. At all times mentioned herein, plaintiff The North River Insurance Company ("NORTH RIVER") was and is a corporation organized under the laws of the State of New Jersey, with its principal place of business in New Jersey, and was and is authorized to transact insurance business in the State of California.

2. NORTH RIVER is informed and believes, and on that basis alleges that defendant, James River Insurance Company ("JAMES RIVER") at all times mentioned herein was and is a corporation organized under the laws of the State of

Ohio, with its statutory home office in Ohio and main administrative office in Virginia. It was and is authorized to transact insurance business in the State of California.

## JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action pursuant to 28 U.S. Code §1332, because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because complete diversity exists between plaintiff and defendant, JAMES RIVER. As set forth above, NORTH RIVER and JAMES RIVER are citizens of different states.

4. Venue is proper in the Central District of California pursuant to 28 U.S. Code §1391(b)(1) and (d) because both parties have offices in and conduct business in the Central District of California, and both parties have contacts sufficient to subject them to personal jurisdiction in the Central District of California.

## GENERAL ALLEGATIONS

5. NORTH RIVER is informed and believes, and on that basis alleges that on May 25, 2017, Marcus Collins was fatally shot in unit G-312 of the Shelter Island Apartments located at 3770 Swenson St., Las Vegas, Nevada.

6. On March 7, 2019, a complaint was filed captioned, *Cassandra Rivera and Keesha Davis, as Co-Administrators of the Estate of Marcus Collins, et al. v. Alhambra Place Partnership, LP dba Shelter Island Apartments, et al*., Nevada District Court, Clark County, case no. A-19-790682-C ("the Underlying Lawsuit"), stating four causes of action for (1) negligence, (2) gross negligence, (3) wrongful death, and (4) negligent hiring, supervision and training. Plaintiffs in the Underlying Lawsuit ("Rivera/Davis"), co-administrators of Collins' estate and guardian of his young daughter, alleged that defendants failed to provide adequate security and failed to warn of felonious and dangerous activity at the Shelter Island Apartments. Rivera/Davis sought general damages, medical, funeral and burial costs, damages for pain and suffering, mental anguish, loss of consortium, attorneys'

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

1  fees and costs, pre-judgment interest, and punitive damages.  A true and correct

2  copy of the complaint filed in the Underlying Lawsuit is attached hereto and marked

3  as **Exhibit A**.

4        7.     NORTH RIVER is informed and believes, and on that basis alleges that

5  JAMES RIVER issued Commercial General Liability insurance policy no.

6  00070531-1 to L.A. Pacific Center Inc., located in Monrovia, CA, which was in

7  effect from March 1, 2017 to March 1, 2018 and provided limits of liability of $1

8  million each occurrence ("the JAMES RIVER primary policy"), that Alhambra

9  Place Partnership, LP dba Shelter Island Apartments ("Alhambra Place") is an

10  additional named insured on the JAMES RIVER primary policy, and that the Shelter

11  Island Apartments is an insured location.

12        8.     NORTH RIVER is informed and believes, and on that basis alleges that

13  the JAMES RIVER primary policy provides primary insurance coverage to

14  Alhambra Place for "bodily injury" that occurs during the policy period and is

15  caused by an "occurrence."

16        9.     NORTH RIVER is informed and believes, and on that basis alleges that

17  JAMES RIVER had a duty to defend and indemnify Alhambra Place against the

18  claims asserted in the Underlying Lawsuit under the JAMES RIVER primary policy.

19       10.    NORTH RIVER issued Excess Insurance policy no. 5821071075 to

20  L.A. Pacific Center, Inc., which was in effect from March 1, 2017 to March 1, 2018,

21  and provided limits of $10 million each occurrence, excess of the JAMES RIVER

22  policy ("the NORTH RIVER excess policy").  Alhambra Place Partnership dba

23  Shelter Island is an additional named insured on the NORTH RIVER excess Policy

24       11.    The NORTH RIVER excess policy provides the following excess

25  liability insurance coverage:

26      WE will pay on YOUR behalf the ULTIMATE NET LOSS (1) in excess of all UNDERLYING INSURANCE, and (2) only after all UNDERLYING

27      INSURANCE has been exhausted by the payment of the limits of such insurance for losses arising out of occurrences insured by all of the policies

28      designated in the Declarations as UNDERLYING INSURANCE….

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

The Definitions, Terms. Conditions, and Exclusions of the "CONTROLLING UNDERLYING INSURANCE" scheduled in Item 5 of the Declarations, in effect at the inception date of this policy, apply to this coverage unless they are inconsistent with provisions of this policy, or relate to premium, subrogation, any obligation to defend, the payment of expenses, limits of insurance, cancellation or any renewal agreement.

12.     NORTH RIVER is informed and believes, and on that basis alleges that JAMES RIVER received timely notice of the May 25, 2017 shooting at the Shelter Island Apartments and the Underlying Lawsuit.

13.     NORTH RIVER is informed and believes, and on that basis alleges that JAMES RIVER agreed to defend Alhambra Place against the claims asserted in the Underlying Lawsuit and retained counsel to provide Alhambra Place with a defense.

14.     NORTH RIVER is informed and believes, and on that basis alleges that on March 9, 2017, the Las Vegas Metropolitan Police Department issued a Notice and Declaration of Chronic Nuisance to the Shelter Island Apartments based on the number of calls for service to address violence at the property and other disturbance calls from December 2016 through February 2017.  NORTH RIVER is informed and believes, and on that basis alleges that on October 18, 2019, the Notice and Declaration of Chronic Nuisance was provided to JAMES RIVER.

15.     NORTH RIVER is informed and believes, and on that basis alleges that evidence was developed in the Underlying Lawsuit that security at the Shelter Island Apartments was inadequate based on the volume of crime, and that the subject shooting would not have occurred had security been sufficient in the years prior to the shooting.

16.     NORTH RIVER is informed and believes, and on that basis alleges that evidence was developed in the Underlying Lawsuit that Alhambra Place failed to run a complete background check on the tenant who occupied unit G-312 at the time of the shooting in violation of Alhambra Place's own policies and procedures.

17.     NORTH RIVER is informed and believes, and on that basis alleges that evidence was developed in the Underlying Lawsuit that Mr. Collins was injured by

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

1  non-fatal shots and experienced pain and fear before being fatally shot, supporting

2  an award for pain and suffering.

3      18.    NORTH RIVER is informed and believes, and on that basis alleges that

4  on October 10, 2019, JAMES RIVER was informed that the Police Department

5  refused to produce its records of its investigation into the May 25, 2017 shooting, or

6  to identify any witnesses.

7      19.    NORTH RIVER is informed and believes, and on that basis alleges that

8  Rivera/Davis alleged damages in excess of the $1 million per occurrence policy

9  limit in the JAMES RIVER primary policy.

10     20.    NORTH RIVER is informed and believes, and on that basis alleges that

11  JAMES RIVER knew about the evidence as it was developed in the Underlying

12  Lawsuit and it knew that there was a substantial likelihood of an adverse verdict and

13  a judgment in excess of the JAMES RIVER primary policy limit, including an

14  award of punitive damages.

15     21.    NORTH RIVER is informed and believes, and on that basis alleges that

16  on March 28, 2019, Rivera/Davis issued a $1 million settlement demand to

17  Alhambra Place, which was provided to JAMES RIVER on March 29, 2019.

18     22.    NORTH RIVER is informed and believes, and on that basis alleges that

19  in or about May 2021, Rivera/Davis issued an Offer of Judgment to Alhambra Place

20  in the amount of $990,000.

21     23.    NORTH RIVER is informed and believes, and on that basis alleges that

22  on or about May 5, 2021, defense counsel retained by JAMES RIVER to defend

23  Alhambra Place informed JAMES RIVER that the settlement value of the

24  Underlying Lawsuit was $850,000.

25     24.    NORTH RIVER is informed and believes, and on that basis alleges that

26  on or about November 3, 2021, Rivera/Davis reduced their settlement demand to

27  $975,000.

28

25.    NORTH RIVER is informed and believes, and on that basis alleges that on or about November 3, 2021, February 8, 2022 and July 1, 2022, defense counsel retained by JAMES RIVER to defend Alhambra Place informed JAMES RIVER that the value of the Underlying Lawsuit was over $1 million.

26.    NORTH RIVER alleges that JAMES RIVER knew that there was no reasonable basis not to accept Rivera/Davis' demands within its policy limit, but unreasonably failed to settle the Underlying Lawsuit within its policy limit.

27.    NORTH RIVER alleges that JAMES RIVER's unreasonable failure and refusal to effectuate a prompt, fair and equitable settlement of the Underlying Lawsuit on behalf of Alhambra Place after liability became reasonably clear, despite its knowledge that there was a substantial likelihood of a recovery in excess of the per occurrence limit in the JAMES RIVER primary policy and that there was no reasonable basis not to settle within its policy limit, and JAMES RIVER's unreasonable failure to give equal consideration to Alhambra Place's interests as its own interests, constitute breaches of JAMES RIVER's duty to settle under the JAMES RIVER primary policy and the implied covenant of good faith and fair dealing.  NORTH RIVER alleges that JAMES RIVER's breaches caused NORTH RIVER's damages as herein alleged.

28.    NORTH RIVER is informed and believes, and on that basis alleges that on or about August 30, 2022, Rivera/Davis increased their demand to $5 million.

29.    NORTH RIVER is informed and believes, and on that basis alleges that on or about September 9, 2022, JAMES RIVER agreed to contribute its $1 million policy limit to settle the Underlying Lawsuit.

30.    NORTH RIVER alleges that on or about November 30, 2022, the Underlying Lawsuit was resolved for $5 million, which reflects the value of the claims asserted in the Underlying Lawsuit.

31.    NORTH RIVER alleges that the settlement of the Underlying Lawsuit was not the result of collusion.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

32.     NORTH RIVER alleges that despite JAMES RIVER's unreasonable failure and refusal to settle the Underlying Lawsuit within the per occurrence limit in the JAMES RIVER primary policy when it had the opportunity to do so, JAMES RIVER unreasonably refused to contribute more than its $1 million policy limit to the settlement of the Underlying Lawsuit.

33.     NORTH RIVER alleges that in order to protect Alhambra Place and pursuant to a complete reservation of its rights under the NORTH RIVER excess policy and the law, including, but not limited to, its right to reimbursement, NORTH RIVER agreed to fund the balance of the settlement of the Underlying Lawsuit in the amount of $4 million.

34.     NORTH RIVER alleges that it was not acting as a volunteer in contributing to the settlement of the Underlying Lawsuit.

## FIRST CAUSE OF ACTION
### (Equitable Subrogation Against JAMES RIVER)

35.     NORTH RIVER incorporates herein by reference the allegations contained in paragraphs 1 through 34, inclusive, as if set forth in full herein.

36.     NORTH RIVER alleges that it has paid $4 million on behalf of Alhambra Place to settle the Underlying Lawsuit, for which JAMES RIVER is legally responsible under the terms and conditions of the JAMES RIVER primary policy and by reason of JAMES RIVER's failure to settle the Underlying Lawsuit within the $1 million limit of liability of it primary policy and its breach of the implied covenant of good faith and fair dealing.

37.     NORTH RIVER alleges that Alhambra Place has an existing, assignable cause of action against JAMES RIVER for JAMES RIVER's breach of its duty to settle the Underlying Lawsuit, and breach of the implied covenant of good faith and fair dealing, which Alhambra Place could have asserted for its own benefit had it not been compensated by NORTH RIVER's payment on its behalf to settle the Underlying Lawsuit.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

38.    NORTH RIVER alleges that by virtue of its payment to settle the Underlying Lawsuit, it is subrogated to the rights of Alhambra Place against JAMES RIVER.

39.    NORTH RIVER alleges that it has suffered damages in the form of the payment it made in indemnifying Alhambra Place against the claims asserted in the Underlying Lawsuit, which was necessitated by JAMES RIVER's failure and refusal to settle the Underlying Lawsuit on behalf of Alhambra Place.

40.    Justice requires that the cost of indemnifying Alhambra Place against the claims asserted in the Underlying Lawsuit should be shifted from NORTH RIVER to JAMES RIVER, since JAMES RIVER's equitable position is inferior to that of NORTH RIVER.

41.    NORTH RIVER's damages are in a set amount, and NORTH RIVER's payment of $4 million of Alhambra Place's settlement was reasonable and not voluntary.

42.    As such, NORTH RIVER stands in Alhambra Place's shoes to recover from JAMES RIVER the $4 million settlement payment on behalf of Alhambra Place to settle the Underlying Lawsuit under the doctrine of equitable subrogation.

**PRAYER FOR RELIEF**

WHEREFORE, NORTH RIVER prays for judgment against defendant, JAMES RIVER, as follows:

1.    For general and special damages in an amount to be proven at trial;

2.    For all costs and expenses to the full extent permitted by law;

3.    For pre-judgment interest and post-judgment interest to the full extent permitted by law;

4.    For attorneys' fees to the full extent permitted by law; and

5.    For such other and further relief as this Court may deem just and proper.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 POWELL STREET, SUITE 830
EMERYVILLE, CALIFORNIA 94608
TEL. (415) 352-6200 • FAX (415) 352-6224

## JURY DEMAND

PLAINTIFF hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure, §38(b) and the Constitution of the United States, on all issues so triable.

DATED:  January 4, 2023                    SINNOTT, PUEBLA,
                                           CAMPAGNE & CURET, APLC

By: _____

BLAISE S. CURET
SHARON R. LEWIS
Attorneys for The North River Insurance Company

COMPLAINT

**EXHIBIT A**

Electronically Filed
3/7/2019 11:26 AM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
   CHRISTOPHER W. CARSON, ESQ.
2  Nevada Bar No. 9523
   TRENT L. RICHARDS, ESQ.
3  Nevada Bar No. 11448
4  **SAGEBRUSH LAWYERS**
   2350 W. Charleston Blvd., Suite 100
5  Las Vegas, Nevada 89102
   Telephone:  (702) 851-2180
6  Facsimile:  (702) 851-2189
   Email:      *ccarson@sagebrushlawyers.com*
7  *Attorneys for Plaintiff*

CASE NO: A-19-790682-C
Department 16

8
                        DISTRICT COURT
9                    CLARK COUNTY, NEVADA
                              ***
10  CASSANDRA RIVERA and KEESHA DAVIS, as )  Case No.:
    Co-Administrators of the ESTATE OF MARCUS )  Dept No.:
11  COLLINS; CASSANDRA RIVERA as Guardian )
12  of MAR'CAYLA COLLINS, a minor; and the )
    ESTATE OF MARCUS COLLINS;              )
13                                         )
                                           )
14               Plaintiff,                )
                                           )
15  vs.                                    )
                                           )
16  ALHAMBRA PLACE PARTNERSHIP, LP doing )
17  business as SHELTER ISLAND APARTMENTS )  **COMPLAINT AND DEMAND FOR JURY**
    an Nevada Limited Partnership; DOES I through )  **TRIAL**
18  X; and ROE CORPORATIONS I through X,   )
    inclusive                             )
19                                         )
               Defendants.                 )
20                                         )
                                           )
21                                         )
                                           )
22  _____ )

23       Plaintiffs, CASSANDRA RIVERA and KEESHA DAVIS as the Co-Administrators of the
24  ESTATE OF MARCUS COLLINS, CASSANDRA RIVERA as Guardian of MARCAYLA COLLINS
25  and the ESTATE OF MARCUS COLLINS (hereinafter "Plaintiffs"), by and through their attorneys of
26  record, The Bourassa Law Group, hereby submits this Complaint against Defendants, and each of them,
27  and alleges as follows:
28

-1-

# I.
# INTRODUCTION

1.      This is a wrongful death action arising from Defendants' deliberate indifference and negligence resulting in the wrongful death of MARCUS COLLINS, deceased, who died on May 25, 2017 at the SHELTER ISLAND APARTMENTS at 3700 Swenson Street in the City of Las Vegas, Clark County, Nevada.

# II.
# PARTIES

2.      Plaintiff CASSANDRA RIVERA is a resident of New York and is the mother of MARCAYLA COLLINS, a minor, and all relevant times hereto was the fiancé of the decedent MARCUS COLLINS ("Decedent").

3.      Plaintiff KEESHA DAVIS is and, at all times relevant hereto, was a resident of Clark County, Nevada.

4.      Plaintiffs CASSANDRA RIVERA and KEESHA DAVIS have been appointed as co-administrators of the Estate of Marcus Collins pursuant to the Letters of Administration (attached hereto as Exhibit "1."), in the court case *In the Matter of the Estate of Marcus Collins*, Clark County Case P-18-096403-E.

5.      As Co-Administrators of the Estate of MARCUS COLLINS, CASSANDRA RIVERA and KEESHA DAVIS are authorized to bring this action on behalf of Decedent, MARCUS COLLINS'S ESTATE.

6.      Plaintiffs CASSANDRA RIVERA and KEESHA DAVIS are hereinafter collectively referred to as "Plaintiffs."

7.      MARCUS COLLINS prior to his death and at all times relevant hereto was a resident of Clark County, Nevada. Hereinafter Mr. COLLINS is referred to as "The Decedent."

8.      Defendant ALHAMBRA PLACE PARTNERSHIP, LP, is and, at all times relevant hereto, was a Nevada limited partnership, who is licensed and conducting business as SHELTER ISLAND APARTMENTS (hereinafter "SHELTER ISLAND"), an apartment complex in Clark County, Nevada.

9.      At all times relevant, DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10,

inclusive, and each of them, were legal entities or individuals doing business in the State of Nevada. That the true names and capacities, whether individual, corporate, agents, association or otherwise of the Defendants, DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as DOES and/or ROE CORPORATIONS are responsible in some manner for the events and happenings herein referred to, and in some manner proximately caused the injuries and damages thereby to Plaintiffs, as herein alleged. Plaintiffs allege that each named DOE and/or ROE Defendants acted negligently, willfully, intentionally, recklessly, vicariously or otherwise caused, directed, allowed or set in motion the injurious events set forth herein. Each named DOE and ROE defendant is legally responsible for the events and happenings stated in this Complaint and, thus, proximately caused injury and damages to Plaintiffs. That at least one of the DOE/ROE Defendants is believed to be the employee responsible for security/supervision of the areas at issue. Upon information and belief, DOES/ROES I through III were in charge of maintaining the safety of their guests, tenants and members of the general public within the Shelter Island Apartments. DOES/ROES IV through VII own, lease or otherwise have control of the area where the death occurred. DOES/ROES VIII thorough X are the employees and/or independent contractors attending to the deceased and/or the supervisions of the employees and/or independent contractors charged with security and supervision of the premises. Plaintiffs will ask leave of Court to amend the Complaint to insert the true names and capacities of DOES and/or ROE CORPORATIONS I through X and state appropriate charging allegations when that information has been ascertained.

10.    At all times hereinafter, SHELTER ISLAND, DOES I through X and ROE CORPORATIONS I through X will be collectively referred to as Defendants.

11.    At all times relevant herein, Defendants, and each of them, and/or their employees, agents, servants, or other representatives were the owners, maintainers, managers, inspectors, supervisors, controllers, and/or were responsible for SHELTER ISLAND APARTMENTS located at 3770 Swenson St. Las Vegas, NV 89119. Plaintiffs allege that at all times mentioned herein, each of the Defendants was the agent of some or all of the others, and all acts alleged herein to have been committed by any one of them was committed on behalf of some or every other Defendant. Accordingly, Plaintiffs allege that each Defendant is liable for its/his/her own actions and that of its/his/her employees, agents

and servants, and each Defendant is also vicariously liable for the injuries and damages suffered by Plaintiffs as set forth herein below.

### III.
### JURISDICTION AND VENUE

12.    This Court has jurisdiction in this matter, and venue is proper, in that all the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada and Plaintiff KEESHA DAVIS and Defendant ALHAMBRA PLACE PARTNERSHIP, LP are Nevada residents/entities.

### IV.
### GENERAL ALLEGATIONS

13.    On or about May 25, 2017, the Decedent and a friend arrived at the premises of the Shelter Island Apartments at 3700 Swenson Street in Las Vegas, Nevada.

14.    Plaintiffs allege that the Decedent and his friend went to Shelter Island to meet with resident Mr. Anthony Fletcher in his unit, during that meeting Mr. Fletcher and several of Mr. Fletcher's associates ambushed, shot and killed The Decedent inside Mr. Fletcher's unit.

15.    Defendants, while in the course and scope of their employment and agency with other Defendants, negligently failed to control, supervise and maintain the premises and further failed to warn the Decedent about the unsavory character of Mr. Fletcher and/or other residents and/or guests of Shelter Island all of which contributed to the Decedent's death and Plaintiffs' damages.

16.    Defendants negligent failure to control, supervise and/or maintain the premises of Shelter Island included, but is not limited to, having new security cameras on property that did not work and/or did not record the premises on or about the date of the incident and having little, no and/or ineffective security patrols at Shelter Island.

17.    As a direct and proximate cause of Defendants' negligence, the Decedent's fiancé, Plaintiff CASSANDRA RIVERA, has assume all of the extensive child care duties, as well as substantial additional expenses for the care, feeding and raising of the Decedent's daughter Plaintiff MAR'CAYLA COLLINS in an amount in excess of Fifteen Thousand Dollars ($15,000).

18.    Plaintiff MAR'CAYLA COLLINS, a minor, has been deprived of the care, comfort and companionship of her father which will continue throughout her life to her damage in an amount in excess of Fifteen Thousand Dollars ($15,000).

19.    As a direct and proximate cause of Defendants' negligence, Plaintiffs CASSANDRA RIVERA and KEESHA DAVIS as the Co-Administrators of the Estate of MARCUS COLLINS, have incurred medical, funeral and burial costs in an amount in excess of Fifteen Thousand Dollars ($15,000).

20.    As a direct and proximate result of Defendants' negligence, Plaintiffs have had to retain counsel to prosecute this action and are entitled to attorneys' fees and costs.

**V.**
**FIRST CAUSE OF ACTION**
**(Negligence against All Defendants)**

21.    Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

22.    Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, owed a duty to Mr. Collins to exercise care in providing a safe environment for Shelter Island residents and guests.

23.    In complete disregard of this duty, Defendants failed to prevent Mr. Fletcher or his associates from conducting felonious and dangerous activity on the Shelter Island premises.

24.    Plaintiff is informed, believes and thereon alleges that Defendants' conscious disregard for the criminal activity taking place on their premises created such circumstances to allow Mr. Fletcher and his associates to continue their criminal activity and ultimately murder Mr. Collins.

25.    As a direct and proximate result of the Defendants' failure to properly supervise the Shelter Island Apartments, provide adequate security and neglecting the operation of its security camera system which would likely have documented the numerous individuals that entered Mr. Fletcher's studio apartment prior to the incident, Mr. Collins was shot and murdered on Shelter Island premises.

26.    As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred, and will continue to incur damages and other costs and expenses in an amount in excess of $15,000.00.

27.    As a further direct and proximate result of Defendants' conduct as set forth herein, Plaintiff has been required to retain the services of an attorney, and as a direct, natural and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

**VI.**

## SECOND CAUSE OF ACTION
### (Gross Negligence against All Defendants)

28.     Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

29.     Plaintiff is informed, believes and thereon alleges that Defendants, by and through their security officers, administrators, agents and employees, engaged in extreme, outrageous, unconscionable, and reckless behavior and thereby acted with malice or gross negligence when they allowed a known drug dealer to operate out of his studio apartment at Shelter Island and/or when they failed and/or refused to use the security camera system for its intended function to secure the Shelter Island Apartments for its tenants and their guests.

30.     As a direct and proximate result of Defendants' gross negligence, Plaintiff has incurred, and will continue to incur damages and other costs and expenses in an amount in excess of $15,000.00.

31.     Plaintiff is informed and believes and thereon allege that Defendants' conduct, and each of them, was extreme, outrageous, unconscionable, and reckless in disregard of Mr. Collins' safety, and that under these circumstances, punitive damages should be assessed by way of an example so that such conduct is not allowed to persist.  Therefore, Plaintiff requests for an assessment of punitive damages pursuant to NRS 42.005 in an amount commensurate with the Defendants' wealth.

32.     As a further direct and proximate result of Defendants' conduct as set forth herein, Plaintiff has been required to retain the services of an attorney, and as a direct, natural and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

### VI.
## THIRD CAUSE OF ACTION
### (Wrongful Death Claim against All Defendants)

33.     Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

34.     As a direct and proximate result of the foregoing, the Decedent suffered fatal injuries and died, for which his Estate, through its representatives are entitled to the recovery permitted by NRS 41.085, inclusive of all other applicable statutes.

35.     Plaintiff brings this wrongful death action against Defendants for the death of Mr. Collins, for their own damages and for the damages to the other statutory beneficiaries arising from the injuries which caused Mr. Collins' death.

36.     Defendants are liable as the injuries were caused by their wrongful acts, neglect, carelessness, and by the wrongful act, neglect, and carelessness of their agents and employees as set forth above.

37.     Plaintiff requests damages for the grief and mental anguish, bereavement and mental trauma, and emotional damages they suffered as a result of Mr. Collins' death.

38.     As a direct and proximate result of Defendants' conduct, Plaintiff CASSANDRA RIVERA, has assumed extensive child care duties, as well as incurred additional expenses for the care and feeding of Plaintiff MAR'CAYLA COLLINS, a minor and Plaintiff CASSANDRA RIVERA's daughter, in an amount in excess of $15,000.00.

39.     As a direct and proximate result of Defendants' conduct, Plaintiff MAR'CAYLA COLLINS, a minor, has been deprived of the care, comfort and companionship of her father which will continue throughout her entire life to their damage in an amount in excess of $15,000.00.

40.     As a further direct and proximate result of Defendants' conduct as set forth herein, Plaintiff has been required to retain the services of an attorney, and as a direct, natural and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

**VII.**
**FOURTH CAUSE OF ACTION**
**(Negligent Hiring, Supervision and Training against All Defendants)**

41.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

42.     Plaintiff is informed, believes and thereon alleges that Defendants owed Mr. Collins a duty to use reasonable care in the training and/or supervision of its employees to ensure that they are fit for their positions in the scope of their employment for Defendants.

43.     Plaintiff is informed, believes and thereon alleges that Defendants breached this duty in failing to train and supervise its employees in a manner to keep Mr. Collins safe from risks that a reasonable person would have foreseen.

44.     Plaintiff is informed, believes and thereon alleges that Mr. Collins' injuries were foreseeable to a reasonable person acting as an employee of the Defendant.

45.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred, and will continue to incur, damages and other costs and expenses in an amount in excess of $15,000.00.

-7-

46.    As a further direct and proximate result of Defendants' conduct as set forth herein, Plaintiff retained the services of Sagebrush Lawyers to bring this action. Plaintiff is therefore entitled to recover her attorney's fees, expert fees and costs incurred herein pursuant to Nevada law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CASSANDRA RIVERA as the Administrator of the ESTATE OF MARCUS COLLINS and as Guardian of MAR'CAYLA COLLINS, a minor, and the ESTATE OF MARCUS COLLINS, reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against Defendants, and each of them, as follows:

1.    For general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2.    Medical, funeral and burial costs incurred;

3.    Damages for past and future pain, suffering, mental anguish, and loss of enjoyment of life including but not limited to MAR'CAYLA COLLINS loss of the love, support of her father;

4.    For costs of suit, reasonable attorney's fees,

5.    Punitive damages pursuant to NRS 42.005;

6.    For such other further relief as the Court may deem just and proper; and

7.    Prejudgment interest.

DATED this _7th_ day of March, 2019.

SAGEBRUSH LAWYERS

By: _____
CHRISTOPHER W. CARSON, ESQ.
Nevada Bar No. 9523
2350 W. Charleston Blvd., 2nd Floor
Las Vegas, NV 89102
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys of record, Sagebrush Lawyers, hereby demands a jury trial of all of the issues in the above matter.

DATED this 7th day of March, 2019.

SAGEBRUSH LAWYERS

By: _____

CHRISTOPHER CARSON, ESQ.
Nevada Bar No. 9523
2350 W. Charleston Blvd., 2nd Floor
Las Vegas, Nevada 89102

# EXHIBIT 1

Electronically Filed
1/31/2019 3:11 PM
Steven D. Grierson
CLERK OF THE COURT

1   **LTA**
    MARK J. BOURASSA, ESQ.
2   Nevada Bar No. 7999
3   **THE BOURASSA LAW GROUP**
    2350 W. Charleston Blvd. #100
4   Las Vegas, Nevada 89102
    Tel: (702) 851-2180
5   Fax: (702) 851-2189
6   Email: mbourassa@blgwins.com

7   *Attorneys for Petitioner*

                        **DISTRICT COURT**
8                       **CLARK COUNTY, NEVADA**

9   In the Matter of the Estate of          CASE NO.: P-18-096403-E
10                                           DEPT. NO.: M
    MARCUS COLLINS,
11                                           **LETTERS OF ADMINISTRATION**
                        deceased.
12

13

14          On the 1st day of October, the Court entered an Order appointing CASSANDRA RIVERA and

15   KEESHA DAVIS, as Co-Admistratrix of the Estate of Marcus Collins. *See* attached Order. Therefore,

16   the Co-Administratrix having duly qualified may act and have the authority and duties of Co-

17   Administratrix of the Estate of Marcus Collins.

18          In testimony of which, I have this date signed these Letters and affixed the Seal of the Court.

19                                           CLERK OF THE COURT

20
                                                                    1/31/2019
21                              By: _____    _____
                                    Deputy Clerk                     Date
22                                                             Shimaya Ladson

23

24

25

26

27

28

                                        -1-

1      I, CASSANDRA RIVERA, whose mailing address is 79 South 9th Street, Apartment 4B,

2 Brooklyn, New York 11249, solemnly affirm that I will faithfully perform according to law the duties of

3 Co-Administratrix and that all matters stated in any petition or paper filed with Court by me are true of

4 my own knowledge or, if any matters are stated on information and belief, I believe them to be true.

5

6              CASSANDRA RIVERA, CO-ADMINISTRATRIX

7

8 SUBSCRIBED AND AFFIRMED before

9 me this 19 day of October, 2018.

10

11 Notary Public in and for the County of

12 Dutchess , State of New York

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       I, KEESHA DAVIS, whose mailing address is 6916 Cedar Basin Avenue, Las Vegas, Nevada

2    89142, solemnly affirm that I will faithfully perform according to law the duties of Co-Administratrix

3    and that all matters stated in any petition or paper filed with Court by me are true of my own knowledge

4    or, if any matters are stated on information and belief, I believe them to be true.

5

6                               KEESHA DAVIS, CO-ADMINISTRATRIX

7

8    SUBSCRIBED AND AFFIRMED before

9    me this 3 | day of ~~October, 2018.~~

           January, 2019

10

11    Notary Public in and for the County of

12    C l a r k , State of Nevada

KYLE S COMPTON
Notary Public, State of Nevada
Appointment No. 11-5568-1
My Appt. Expires April 13, 2019