SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN T. BROOKS, Cal. Bar No. 167793
JEFFREY V. COMMISSO, Cal. Bar No. 191267
BENJAMIN D. BROOKS, Cal. Bar No. 314373
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619.338.6500
Facsimile:   619.234.3815
E mail      jbrooks@sheppardmullin.com
              jcommisso@sheppardmullin.com
              bbrooks@sheppardmullin.com

Attorneys for Defendant JAMES RIVER INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH RIVER INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>JAMES RIVER INSURANCE COMPANY,<br><br>      Defendant. | Case No. 2:23-CV-00027-PSG-E<br><br>**JAMES RIVER'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:   July 28, 2023<br>Time:  1:30pm<br>Crtrm: 6A<br><br>Complaint Filed: January 4, 2023 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 28, 2023, at 1:30 p.m., in the United States Courthouse located at 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012, Defendant James River Insurance Company ("James River") will and hereby does move to dismiss Plaintiff North River Insurance Company's ("North River") complaint, before the Honorable Philip S. Gutierrez. This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 13, 2023. James River's motion is based on the following:

This is a commercial insurance case arising out of a Nevada wrongful death lawsuit, which involved a murder inside one of the apartments at the Shelter Island apartment complex in Las Vegas, Nevada. Shelter Island had a James River insurance policy and a North River excess insurance policy that applied in the underlying lawsuit.

***Nevada law applies to this case.*** Federal district courts apply the choice of law rules of the state in which they sit. Under California law, contracts are interpreted according to the law and usage of the place of performance. The place of performance of the relevant James River insurance contract was Las Vegas, Nevada.

***North River cannot state a claim for equitable subrogation because the insured suffered no damages.*** Equitable subrogation is a derivative right that applies when one party involuntarily pays the obligation or loss of another for which a third party is found to bear responsibility. There must be an underlying independent basis upon which the subrogor could have recovered the payment. If the subrogor does not have an underlying claim, neither does the alleged subrogee.

Here, North River alleges that it is equitably subrogated to a claim for bad faith failure to settle the underlying wrongful death suit within the $1 million James River policy limit. But the Nevada Supreme Court has recently held that if an underlying case settles within the combined limits of multiple insurance policies, there can be no claim for equitable subrogation between the insurers because the insured did not suffer any damages, and the insured thus does not have an underlying bad faith failure to settle claim. Just so

here: the underlying lawsuit settled for less than the combined $11 million policy limits, so Shelter Island did not suffer any damages, Shelter Island does not have an underlying claim against James River for bad faith failure to settle, and North River has nothing to be subrogated to.  North River cannot correct this defect because it cannot amend its complaint with allegations that contradict the original complaint.  Therefore, the Court should dismiss the complaint with prejudice.

***North River's complaint fails for the independent reason that it has not alleged facts showing that its equitable position is superior to James River's.***  To succeed on its equitable subrogation claim, North River must also show that justice requires shifting the entire loss to James River because North River's equitable position is superior to James River's.  The complaint includes a conclusory allegation that justice requires shifting the loss to James River, but it does not allege any facts showing that North River's equitable position is superior to James River's.  The Court should dismiss the complaint on this independent basis.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the declarations of Benjamin Brooks and Justin Zaharris, all other pleadings, papers, records, and documentary materials on file or deemed to be on file in this action, those matters of which this Court may take judicial notice, and the oral arguments of counsel made at the hearing of this motion.

Dated:  June 26, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Jeffrey V. Commisso
JEFFREY V. COMMISSO

Attorneys for Defendant JAMES RIVER INSURANCE COMPANY